UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANYALL SIMPSON,

        Plaintiff,

and

COMPCARE HEALTH SERVICES,

        Involuntary Plaintiff,      Case No. 12-C-500

    -vs-

CITY OF MILWAUKEE,
JAMES LANGER, and
ZOE JACKSON,

        Defendants.

## DECISION AND ORDER

The Plaintiff, Danyall Simpson ("Simpson"), filed this action pursuant to 42 U.S.C. § 1983 against Defendants City of Milwaukee ("Milwaukee") and Milwaukee Police Department ("MPD") officers James Langer ("Langer") and Zoe Jackson ("Jackson"). On the night of May 21, 2006, Simpson was stopped by Langer and Jackson. Simpson alleges that as a result of the encounter he sustained severe physical and psychological trauma. The Complaint includes the following claims: an

1

excessive force claim against the Defendants (First Claim for Relief); a *Monell*[1] claim against Milwaukee (Second Claim for Relief); and subrogation claims on behalf of the involuntary plaintiff insurer. (ECF No. 1)

The Defendants filed a motion for partial judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (ECF No. 19), and a motion for an extension of time to respond to Simpson's motion to compel (ECF No. 25). Simpson filed a Civil L.R. 7(h) (E.D. Wis.) motion to compel discovery (ECF No. 21), asserting that the Defendants inadequately responded to his discovery requests. Additionally Simpson requests reasonable attorneys' fees associated with his motion to compel and the Defendants' motion for an extension of time. The pending motions are addressed in this Decision and Order.[2]

## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

By their motion for partial judgment on the pleadings, the Defendants seek dismissal of Simpson's *Monell* claims for failure to state a claim, contending that Simpson's allegations are conclusory statements with no factual basis. In opposing the Defendants' motion, Simpson filed 16 exhibits. Prior to addressing the merits of

---

[1] The term refers to *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978), a seminal Supreme Court decision regarding the bases under which a municipality may be liable under § 1983.

[2] By letter dated June 20, 2013, Simpson requested that the Court conduct a status conference to discuss modifying dates set by the scheduling order. However, on July 18, 2013, the parties filed a stipulation for a first amended scheduling order together with an attached proposed order for the Court's consideration. (ECF No. 33.) With some changes, the Court has entered an order approving that proposed amended scheduling order (ECF No. 34 ) obviating any need for a status conference at this juncture of the case.

the Rule 12(c) motion, the Court must address the impact that 15 of Simpson's exhibits have on the motion.[3]

Pleadings include the Complaint, the Answer, and any written instruments attached as exhibits. *See* Fed. R. Civ. P. 10(c). Historically, the court of appeals for this circuit has interpreted the term "written instrument" as used in Rule 10(c) to include documents such as affidavits, letters, and loan documentation. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 453 (7th Cir. 1998). Simpson's Complaint does not explicitly reference any of the exhibits he proffers. Thus, they may not be considered under the incorporation-by-reference doctrine.

For the Court to consider exhibits "outside the pleadings," the Rule 12(c) motion must be converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). And the parties must be given notice and an opportunity to file additional papers. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir. 1997) ("If a district court considers matters outside the pleadings, our procedural rules require that 'the motion shall be treated as one for summary judgment.'") The Court declines to convert the Defendants' motion to a motion for summary judgment.

However, courts may look beyond the pleadings and "consider judicially

---

[3]No issue under Rule 12(c) is presented with respect to consideration of exhibit A, a copy of *Gidarisingh v. McCaughtry*, No. 04-C-038, 2007 WL 1121374 (E.D. Wis. Apr. 13, 2007). The filing is consistent with Civil Local Rule 7(j)(2) which requires that a party citing an unreported decision file and serve a copy of that decision.

3

noticed documents without converting a motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). Matters that are incorporated by reference to the pleadings and matters that are central to the plaintiff's claims may be judicially noticed. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Judicial notice can be taken if the exhibits are readily ascertainable from the public record and are not subject to a reasonable dispute. *Ennenga v. Starns*, 677 F.3d 766, 772 (7th Cir. 2012). "Public records are writings created or compiled by public officials . . . and documents written by others but authorized by law to be recorded or filed in public office." 31 Charles Alan Wright & Victor James Gold, *Federal Practice & Procedure* § 7135 (2000).

The Court has reviewed the 15 exhibits to ascertain whether they may be judicially noticed. Exhibits C, D, J, K, L, M, N, and P are newspaper articles. They are not considered written instruments under Rule 10(c), *Perkins v. Silverstein,* 939 F.2d 463, 467 (7th Cir. 1991), and are not public records. Thus, they may not be judicially noticed. 31 *Fed. Prac. & Proc. Evid.* § 7135.

Exhibit B is the *2001 Annual Report of the City of Milwaukee Board of Fire and Police Commissioners*. Exhibit E is an October 15, 1991, report by the Mayor's Citizen Commission on Police-Community Relations to then-Milwaukee Mayor John O. Norquist and the Board of Fire and Police Commissioners. Exhibit F is an October 1994 article published by the National Institute of Justice titled *Controlling Police*

4

*Use of Excessive Force: The Role of the Police Psychologist*. Exhibit I is a June 2006 report from the Police Assessment Resource Center, entitled *Promoting Police Accountability in Milwaukee: Strengthening the Fire and Police Commission.* Exhibit O is an October 10, 2012, "guest column" published on the Department of Justice's website for the Eastern District of Wisconsin, authored by the United States Attorney for the Eastern District of Wisconsin, regarding the commencement of a federal investigation into the July 2011, death of Derek Williams while he was in MPD custody. Exhibit B is the report of an administrative body of which judicial notice may be taken. *See Menominee Indian Tribe of Wis.*, 161 F.3d at 456. However, exhibits E, F, I, and O are not public records, *see Brownmark Films, LLC*, 682 F.3d at 690, thus they will not be judicially noticed by the Court. *Ennenga*, 677 F.3d at 772.

Exhibits G and H are MPD information records containing Langer and Jackson's MPD employment history, including hiring dates. The information records are "readily ascertainable from the public . . . record and not subject to reasonable dispute." *Ennenga,* 677 F.3d at 772. *See also*, *Mass. v. Westcott*, 431 U.S. 322, 323 n.2 (1977); *Menominee Tribe of Wis.,* 161 F.3d at 456. Thus, the Court has considered exhibits B, G and H. However, exhibits C through F and I through P have been excluded and were not considered in deciding the Defendants' motion.

## Rule 12(c) Standard

A Rule 12(c) motion is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Alexander v. City of Chi.,* 994 F.2d 333, 336 (7th Cir. 1993). When

5

reviewing a Rule 12(b)(6) motion to dismiss, the Court takes as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The possibility that the allegations are false does not mean that the complaint fails to state a claim. *Smith v. Check-N-Go of Ill., Inc.,* 200 F.3d 511, 514 (7th Cir. 1999).

A Rule 12(c) motion can be granted only if "all material issues can be resolved on the pleadings by the district court; otherwise, a summary judgment or a full trial is necessary." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1368 at 248 (3d ed. 2004). "An issue of fact is deemed to be material if the outcome of the case might be altered by the resolution of the issue one way rather than another." *Id.* at 251.

## Relevant Background[4]

On the night of May 21, 2006, Jackson and Langer, who were investigating a property damage complaint, stopped Simpson while he was backing his vehicle out of the driveway of his home at 5120 North 58th Street, Milwaukee, Wisconsin. Jackson ordered Simpson to exit his vehicle. Simpson complied. Langer attacked Simpson, repeatedly slamming Simpson's head into the door and window of the vehicle. In attempting to arrest Simpson without reasonable suspicion, Langer struck Simpson's face with his flashlight. Jackson failed to intervene despite having a duty to do so

---

[4]In recognition of the Court's obligations under *Killingsworth*, 507 F.3d at 618, the facts in this section are taken from Simpson's complaint.

6

Case 2:12-cv-00500-RTR   Filed 08/27/13   Page 6 of 14   Document 35

under MPD guidelines.

Simpson sustained severe injuries to his body, head, and face: abrasions; swelling; nasal injuries; an impacted and comminuted fracture of the right orbit; a fractured right maxillary sinus; facial numbness; blurred vision; a jaw injury; neck pain; swollen wrists; headaches, and sleep disturbance. Additionally, Simpson developed psychological injuries: fear, anxiety, depression, flashbacks, and nightmares.

Langer applied deadly force, according to the MPD's definition, which was not authorized because Simpson did not pose a threat to the officers or any other person during the incident. Simpson contends that the MPD encourages "misplaced loyalties" and has a "code of silence" regarding police misconduct among its officers.

## Claims Under 42 U.S.C. § 1983

To support a 42 U.S.C. § 1983 claim, plaintiffs "must allege: (1) they were deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was visited upon them by a person or persons acting under color of state law." *McKinney v. Duplain,* 463 F.3d 679, 683 (7th Cir. 2006). The first element is satisfied by Langer's violation of the Fourth Amendment by using excessive force, s*ee Graham v. Connor*, 490 U.S. 386, 397 (1989), and Jackson's failure to intervene to prevent harm from occurring when Langer was committing the constitutional violation, s*ee Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). The second element is satisfied because Langer and Jackson were acting under color of the

7

authority of the state.

A municipality cannot be held liable for such claims based on a theory of *respondeat superior*. *Monell*, 436 U.S. at 691; *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). In order to successfully plead a § 1983 claim against a municipality, the Complaint must allege that an official policy or custom was "the moving force" behind the constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). The government is only responsible for its policies, not the misconduct of its workers. *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2006). Certain conduct or "widespread practice" that is so permanent that it constitutes a "custom or usage" may carry the force of law. *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995). *McTigue* holds that a municipality can be liable for a § 1983 claim in any of the following circumstances: (1) where an explicit policy caused the violation; (2) where an implicit policy caused the violation; or (3) where a policy maker directly caused the violation. *Id.* Rule 8 of the Federal Rules of Civil Procedure, which is considered in determining whether a claim has been sufficiently pled, does not require detailed factual pleading. *McTigue*, 60 F.3d at 382.

In *City of Canton, Ohio v. Harris*, the Supreme Court held that a municipality's failure to train its employees can form the basis for § 1983 liability if the failure rises to the level of policy or custom. 489 U.S. at 388-89. A failure to train can constitute a permanent well-settled custom if "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy

so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390.

A municipality evinces deliberate indifference to the rights of its citizens where it fails to train its employees "with respect to a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face." *Robles v. City of Fort Wayne,* 113 F.3d 732, 735 (7th Cir. 1997) (internal quotation marks omitted). A municipality also exhibits deliberate indifference if "after learning of a pattern of constitutional violations" the municipality fails to train its employees properly to avoid those constitutional violations. *Id.* Under either scenario, the finding of deliberate indifference is derived from the municipal entity's failure to act in the face of actual or constructive notice that such a failure would likely result in constitutional deprivations. *Id.*

Simpson alleges that his injuries were due to the MPD's (1) deficient hiring practices; (2) deficient training, supervision, and discipline; and (3) custom of condoning the use of unreasonable and excessive force. Citing Langer and Jackson's information records, Simpson contends that the MPD had "inadequate" hiring practices that failed to subject Langer and Jackson to the appropriate psychological tests or background checks. (Compl. ¶ 49.) If those tests and checks had been conducted the MPD would have concluded that Langer and Jackson "**would likely** deprive a third party of constitutional and civil rights." (*Id.*) (Emphasis added.)

9

Simpson's allegations that the MPD's deficient hiring practices would likely lead to his injuries does not raise these allegations above the speculative level. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *McCauley v. City of Chi.,* 671 F.3d 611, 616 (7th Cir. 2011). Exhibits G and H considered by the Court do not help or point with any specificity to an express policy that led to the constitutional deprivation. Nor do they point to any implicit policy that would lead or could lead to the constitutional deprivation in this case.

Simpson also points to the MPD's deficient policies relative to training, and these policies are declared "inadequate" with respect to investigating a complaint, effectuating an arrest, and using force. While Simpson's Complaint states that Langer had previously attacked other individuals with his flashlight and that the MPD neglected to discipline him, such allegations are sketchy at best, never getting beyond the speculative level. Simpson has not met the high burden he has in pleading a *Monell* claim. The pleadings do not establish either an explicit or implicit policy of the MPD that led to the alleged constitutional violation in question. *McCauley,* 671 F.3d at 616.

Simpson also states that the MPD's tolerance of officers violating civil rights when effectuating arrests has created a custom of condoning the use of unreasonable and excessive force. Again, the allegation supporting this claim is the failure to punish Langer when he struck other individuals with his flashlight. Overlooking an officer's use of excessive force or encouraging "a code of silence" may constitute

10

implicit approval of these actions, but these actions must represent a pattern or practice of which Milwaukee should have been aware and, once aware, condoned. Nothing pled allows the Court to conclude with the requisite specificity that the pleading requirements of a *Monell* claim have been met. *See id.* That a pattern or practice of abuse was in place or could have been inferred, or if present that Milwaukee condoned it, is speculative. Nor is there any allegation pointing to a policy maker who directed or supported the alleged constitutional violations. The Defendants' motion for partial judgment on the pleadings dismissing Simpson's *Monell* claim against Milwaukee (Second Claim for Relief) is granted and Milwaukee is dismissed from this action.

## MOTION TO COMPEL DISCOVERY

Simpson filed a Civil Local Rule 7(h) motion to compel the Defendants to serve complete responses to his first set of written interrogatories and first request for production of documents. The Defendants argue that certain obstacles prevent full compliance with Simpson's discovery requests.

According to Rule 26 of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Simpson's motion to compel discovery pursuant to Civil L. R. 7(h) "must be accompanied by a written certification by [Simpson] that, after [he] in good faith has conferred or attempted to confer with the [Defendants] in an effort to obtain it without court action, the parties are unable to reach an accord." Civ. L. R. 37.

Simpson's certificate establishes that through a string of emails the parties attempted to confer without court action, but they failed to reach a resolution of their discovery dispute  The Defendants offer the following justifications for their incomplete responses:  concern over the confidentiality of certain materials; the insufficiency of Simpson's pleadings; materials that were previously disclosed in *Jude v. Milwaukee*, 06-C-1101 (E.D. Wis.) should not be discoverable; and production of certain materials would be unduly burdensome for them.

Regarding the Defendants' confidentiality concerns, "the Court may enter a protective order regarding confidentiality of all documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, and all deposition testimony." Civ L. R. 26(e)(1). A model protective order is included within the civil local rule.

This case depends on Simpson's ability to discover evidence to support his claims. This Court will allow Simpson the opportunity to do so.  Since the parties have fundamental differences, for the sake of efficiency and expediency Simpson's

12

Civil L. R. 7(h) motion to compel is granted to the extent those requests are likely to lead to the discovery of relevant evidence regarding the single claim that remains in this action. It follows that the Defendants' motion for an extension of time to respond to the motion is denied.

Citing General L. R. 83(f), Simpson also requests an award of reasonable attorneys' fees associated with his motion to compel and the Defendants' motion for an extension of time. The Defendants' actions were not "egregious or unfairly prejudicial." *See* Gen. L. R. 83(f). Moreover, as highlighted by the comment to Gen. L. R. 83(f), the intention of the new sanctions provision is that they be imposed on the Court's, rather than counsel's, initiative. *Id.* Simpson's request for attorney's fees is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The Defendants' motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (ECF No. 19) dismissing Simpson's *Monell* claim against Milwaukee (Second Claim for Relief) is **GRANTED** and Milwaukee is **DISMISSED** from this action;

2. The Defendants' Civil L. R. 7(g) motion for an extension of time (ECF No. 25) is **DENIED**; and

3. Simpson's Civil L. R. 7(h) expedited non-dispositive motion to

compel discovery (ECF No. 21) is **GRANTED** to the extent those requests are likely to lead to the discovery of relevant evidence regarding the single claim that remains in this action.

Dated at Milwaukee, Wisconsin, this 27th day of August, 2013.

                                          **BY THE COURT:**

                                          */s/ Rudolph T. Randa*
                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**

14

Case 2:12-cv-00500-RTR   Filed 08/27/13   Page 14 of 14   Document 35