UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANYALL SIMPSON,

        Plaintiff,
  and

COMPCARE HEALTH SERVICES,

        Involuntary Plaintiff,    Case No. 12-C-500

    v.

JAMES LANGER, and
ZOE JACKSON,

        Defendants.

## DECISION AND ORDER

By an August 27, 2013, Decision and Order (ECF No. 35), this Court granted the Defendants' motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (ECF No. 19) dismissing Simpson's claim pursuant to *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978), against the Defendant City of Milwaukee ("Milwaukee") (Second Claim for Relief) and dismissed it from this action.

The Plaintiff, Danyall Simpson ("Simpson") filed a letter (ECF No. 36) requesting that Milwaukee be reinstated in this action pursuant to 42 U.S.C. § 1983, relying upon the allegation of paragraph 45 of the Complaint that, pursuant to Wis.

1

Stat. § 895.46(1)(a), Milwaukee is liable for the actions of the individual defendants, Milwaukee Police Department ("MPD") officers James Langer ("Langer") and Zoe Jackson ("Jackson"), during their encounter with Simpson on the night of May 21, 2006. (ECF No. 1).

Milwaukee opposes the request because that the Defendants "have admitted that at all times relevant to the subject matter of this litigation, both Officers Langer and Jackson were acting within the scope of their employment" and therefore indemnification is "not a contested issue in this case." (ECF No. 37). Additionally it states "[t]here will be no question presented to any jury, relative to any indemnification claim." (*Id.*)

Subsequently, Simpson requested that Milwaukee stipulate it is liable for any judgment against Langer and Jackson. Milwaukee has declined to do so at this time. (ECF No. 38.)

Milwaukee is bound by its representation that the indemnification of Langer and Jackson is not an issue in this case and that both officers acted within the scope of their employment. Furthermore, there are no pending claims against Milwaukee. Moreover, the indemnification claims are not Simpson's; the claims are those of Langer and Jackson in the event they are found liable for the constitutional tort alleged by Simpson. Having considered Milwaukee's position and the allegations of the Complaint; the applicable law, *see Javier v. City of Milwaukee*, 670 F.3d 823, 828-30 (7th Cir. 2012), and *Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085,

1091-92 (7th Cir. 1990), the Court denies Simpson's request to reinstate Milwaukee as a defendant in this action based on his claim for indemnification under Wis. Stat. § 895.46(1)(a).

Reinstatement of Milwaukee as a defendant in this action is unnecessary. It would be a waste of time since Milwaukee's responsibility to indemnify Langer and Jackson in this action is uncontested, could confuse the jury on the liability issue, and may needlessly expend judicial resources.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Simpson's request for **REINSTATEMENT** of Milwaukee as a defendant in this action (ECF No. 36) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2013.

BY THE COURT:

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**