# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANYALL SIMPSON,

        Plaintiff,
  and

COMPCARE HEALTH SERVICES CORP.,

        Involuntary Plaintiff,      Case No. 12-C-500

    -vs-

JAMES LANGER, and
ZOE JACKSON,

        Defendants.

## DECISION AND ORDER

This action pursuant to 42 U.S.C. § 1983, filed by Plaintiff Danyall Simpson ("Simpson") against Defendants City of Milwaukee ("Milwaukee") and Milwaukee Police Department ("MPD") officers James Langer ("Langer") and Zoe Jackson ("Jackson"), is before the Court on Simpson's expedited non-dispositive motion to compel. (ECF No. 40.)

For purposes of the motion to compel, the following background is helpful. The case arises out of the May 21, 2006, nighttime stop of Simpson by Langer and Jackson during which Simpson allegedly sustained severe physical and psychological trauma.

Simpson's Complaint included three claims: an excessive force claim against the

Defendants (First Claim for Relief); a *Monell*[1] claim against Milwaukee (Second Claim for Relief); and subrogation claims on behalf of the involuntary plaintiff insurer. (ECF No. 1) The *Monell* claim was dismissed when the Court granted the Defendants' motion for partial judgment on the pleadings and dismissed Milwaukee from this action. (ECF Nos. 35 & 39.)

## MOTION TO COMPEL DISCOVERY

Simpson filed a Civil Local Rule 7(h) motion to compel the Defendants to produce the MPD personnel files of Langer and Jackson. The Defendants argue that the files are not relevant to the issues in this case, which are now limited to what happened to Simpson on the night of May 21, 2006. (ECF No. 43.)

According to Rule 26 of the Federal Rules of Civil Procedure,

[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*

Fed. R. Civ. P. 26(b)(1) (emphasis added.)

Simpson's motion to compel discovery pursuant to Civil L. R. 7(h) "must be accompanied by a written certification by [Simpson] that, after [he] in good faith has conferred or attempted to confer with the [Defendants] in an effort to obtain it without

---

[1] The term refers to *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978), a seminal Supreme Court decision regarding the bases under which a municipality may be liable under § 1983.

court action, the parties are unable to reach an accord." Civ. L. R. 37. Simpson's certificate establishes that, through a string of emails exchanged between September 16, 2013, and December 4, 2013, the parties attempted to confer without court action, but they failed to reach a resolution of their discovery dispute.

Simpson wants the entire personnel files of Langer and Jackson (except for any pre-hiring records)[2] because they may lead to the discovery of admissible evidence regarding other prior acts of Langer and/or Jackson. The Defendants assert that any MPD internal investigatory files or supervisory files regarding Langer and/or Jackson that did not involve Simpson's arrest are not relevant to this case because the *Monell* claim has been dismissed and, pursuant to Rule 404(a)(1) of the Federal Rules of Evidence, evidence regarding any other incidents would not be admissible.

Information in the Defendants' personnel files containing any similar factual allegations regarding excessive force or failure to intervene, including disciplinary records, may lead to the discovery of admissible evidence to show motive, intent, absence of mistake or accident, and or modus operandi. Fed. R. Evid. 404(b). *See Okai v. Verfuth,* 275 F.3d 606, 611 (7th Cir. 2001); *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000); *Wilson v. City of Chi.*, 6 F.3d 1233, 1238 (7th Cir. 1993). *See also, Grayson v. City of Aurora,* No. 13-C-1705, 2013WL6697769, at *6 (N.D. Ill. Dec. 19, 2013). The Defendants' objection under Rule 404(a)(1) relates to the admissibility of evidence at trial not whether discovery may lead to the discovery of admissible evidence. Therefore,

---

[2] *See* September 16, 2013, 7:06 p.m. email from Jonathan Safran to Susan Lappen. (ECF No. 42-2.)

3

Simpson's motion to compel the discovery of personnel files except for pre-hiring records of Langer and Jackson is granted. The Court will take the question up later as to whether any evidence discovered is admissible.

Citing Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, Simpson also requests an award of reasonable attorneys' fees associated with the motion to compel, indicating that if the motion is granted the Court must require the party or the attorney or both to pay the movant's reasonable expenses, unless one of three exceptions applies. The Defendants assert that they have raised a meritorious discovery defense and, therefore, Simpson would not be entitled to any fees or costs.

Rule 37(a)(5) "presumptively requires every loser to make good the victor's costs." *Rickels v. City of S. Bend, Ind.,* 33 F.3d 785, 786 (7th Cir. 1994) (addressing 1991 version of the Rule 37 when fees and costs provision was contained in Rule 37(a)(4)). "Fee shifting when the [Court] must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id*. at 787. A loser may avoid payment by establishing that his position was substantially justified. *See id.* (citing *Pierce v. Underwood*, 487 U.S. 552 (1988)).

The Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The court of appeals for this circuit has further expounded, "'[s]ubstantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a

'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce,* 487 U.S. at 565).

The Defendants' October 3, 2013, email response regarding the personnel/investigatory files cites Rule 404(b)(1). The Defendants' opposition to Simpson's motion to compel relies on Rule 404(a). Neither position takes into account all of Rule 404. The Defendants' position is not satisfied to a degree that would justify a reasonable person. Therefore, Simpson's request for reasonable fees and costs incurred in filing the motion to compel is granted.

The parties are directed to attempt to agree on the amount of fees and costs incurred by Simpson in bringing his motion to compel. If the parties are unable to reach an agreement, Simpson may file a motion for attorney fees and costs together with sufficient documentation. The briefing of any such motion will be governed by the local rules.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Simpson's Civil L. R. 7(h) expedited non-dispositive motion to compel discovery (ECF No. 40) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 28th day of January, 2014.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**